UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GS HOLISTIC, LLC,

        Plaintiff,

        v.                                        Case No. 23-C-744

BLACKHAWKS CHIEF TOBACCO &
VAPE CORPORATION, d/b/a
Blackhawks Chief Tobacco & Vape, and
HASSAN ELZOFRI,

        Defendants.

## ORDER GRANTING MOTION FOR EXTENSION OF TIME AND DENYING LEAVE TO SERVE BY PUBLICATION

On June 9, 2023, Plaintiff GS Holistic, LLC filed a complaint alleging trademark infringement and Lanham Act violations against Defendants Blackhawks Chief Tobacco & Vape Corporation and Hassan Elzofri. On July 31, 2023, Plaintiff filed a summons returned executed, indicating that Blackhawks Chief Tobacco & Vape had been served on June 27, 2023. Dkt. No. 4. On September 7, 2023, Plaintiff filed his first motion for a 30-day extension of time to perfect service on Defendant Hassan Elzofri. Dkt. No. 5. The court granted Plaintiff's motion the following day. Dkt. No. 6. On October 5, 2023, Plaintiff filed a motion for leave to serve Defendant Hassan Elzofri by publication and requesting a second extension of time of 60 days in which to do so. Dkt. No. 7. On October 9, 2023, the court issued a docket text only order granting Plaintiff a 60-day extension to perfect service but noted that it took no position as to whether there were sufficient grounds for service by publication. Dkt. No. 8. Before the court now is Plaintiff's new motion for leave to serve by publication, wherein Plaintiff requests an additional 45 days to

perfect service upon Defendant Elzofri by publication. Dkt. No. 9. The court will grant one more extension of time but denies the motion for leave on the ground that Plaintiff cites no authority for the proposition that the court can or should grant such leave and, in effect, determine whether such service is proper at this stage of the litigation.

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service of an individual within a judicial district of the United States may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. Section 801.11 of the Wisconsin Statutes lists various ways in which service of a summons is to be made. Section 801.11(1)(c) permits service by publication "[i]f with reasonable diligence the defendant cannot be served" either "[b]y personally serving the summons upon the defendant" or "by leaving a copy of the summons at the defendant's usual place of abode." The statute does not require or authorize the court to grant leave for a plaintiff to effect service by publication before such service is made. In none of the Wisconsin Court of Appeals and Supreme Court cases cited by Plaintiff in its motion was leave granted by the court for service by publication ahead of time. Given the text of the statute and in the absence of any authority indicating leave is required, the fact that another judge sitting in this district has granted such relief under virtually identical facts, *GS Holistic LLC v. Blackhawks Chief Tobacco & Vape Corp.*, No. 23-cv-903-JPS, Order (E.D. Wis.), Dkt. No. 8, is not persuasive.

If Plaintiff believes he has satisfied the preconditions for serving Defendant Elzofri by publication, he is free to do so. The court will address the issue of whether those conditions have been met if such service is challenged by a motion to dismiss for lack of jurisdiction, in which case Elzofri will be able to challenge such service, or in the event Elzofri fails to respond to the complaint and a motion for judgment by default is filed. For the court to make such a

determination at this time, however, would be premature. It would also serve no purpose since the defendant would not be bound by a court's determination based on evidence the defendant had no opportunity to challenge. In short, Plaintiff's motion for leave serves no purpose but to waste judicial resources and clutter the court's docket. For this reason, Plaintiff's motion for leave to serve by publication is **DENIED**.

As for Plaintiff's request for an additional 45 days for an extension of time to effect service, the court notes that this is Plaintiff's *third* request for an extension of time. Each time such a motion is filed, the court must read Plaintiff's motion and supporting documents, and review the file to determine whether good cause has been shown. It has now been six months since this case was filed and, despite months of unsuccessfully attempting to serve Elzofri, Plaintiff asks this court for a further extension of time and an order granting him leave to do what the law already authorizes him to do. Based on Plaintiff's repeated efforts to personally serve Elzofri, the court finds good cause and therefore **GRANTS** Plaintiff's motion for an additional 45 days to effect service under Rule 4(m). But no further extensions will be granted unless Elzofri is shown to be out of the country. Absent new evidence, failure to serve Elzofri within the next 45 days will result in his dismissal without prejudice and Plaintiff will have to start his lawsuit against him over.

**SO ORDERED** at Green Bay, Wisconsin this 12th day of December, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge